**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| ALLEN SYSTEMS GROUP, INC. | **Dispositive Motion** |
| | **Oral Argument Requested** |
| *Plaintiff*, | |
| v. | Case No. 2:16-cv-121-FtM-38-MEM |
| AVON PRODUCTS, INC. | |
| *Defendant*, | |

**DEFENDANT AVON PRODUCTS INC.'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND FOR IMPROPER VENUE
MEMORANDUM OF LAW IN SUPPORT**

Defendant Avon Products, Inc. ("Avon") respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), to dismiss the Complaint of Plaintiff Allen Systems Group, Inc. ("ASG") for lack of personal jurisdiction and for improper venue. In the alternative, Avon respectfully requests, pursuant to 28 U.S.C. § 1406(a), that the Court transfer this action to the U.S. District Court for the Southern District of New York, where Avon is headquartered and where venue is proper.

**PRELIMINARY STATEMENT**

Avon is incorporated and headquartered in New York.[1] The conduct challenged by ASG's Complaint—Avon's installation of licensed software on a logical partition of a computer processor with a higher capacity than allegedly permitted by the license agreement—occurred entirely in New York, not in this State. In addition, the license agreement is governed by the laws of England and Wales, not of this State. Accordingly, ASG cannot show that Avon had sufficient "minimum contacts" with this State, and thus this Court lacks personal jurisdiction over Avon and venue in this district is improper. *See Francosteel Corp., Unimetal-Normandy v. M/V Charm, Tiki, Mortensen & Lange*, 19 F.3d 624, 627 (11th Cir. 1994).

**LEGAL STANDARD**

ASG "bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction". *See Castillo v. Allegro Resort Mtkg.*, 603 F. App'x 913, 916 (11th Cir. 2015). To meet this burden, ASG may not rely upon "vague and conclusory

---

[1] ASG's Complaint concedes that Avon has its principal place of business in New York. (Compl. ¶ 3.) The Complaint erroneously states that Avon is incorporated in Delaware (Compl. ¶ 3), but Avon is actually incorporated in New York. (*See* Byars Decl. Ex. A) Notably, if Avon were, in fact, incorporated in Delaware, this Court would also lack *subject matter* jurisdiction over this diversity case because ASG is a Delaware corporation and the parties would not have diverse citizenships. *See* 28 U.S.C. § 1332(c)(1).

allegations" in its Complaint. *Id.* (citing S*now v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)). Rather ASG must plead "specific factual allegations" establishing jurisdiction. *Id.*

A court may exercise jurisdiction consistent with the Due Process Clause under two circumstances.[2] The first is general or "all-purpose" jurisdiction, which permits a plaintiff to sue a defendant "on any and all claims against it, wherever in the world the claims may arise". *Daimler AG v. Bauman*, 134 S. Ct 746, 751 (2014). Such jurisdiction is available only when a corporate defendant's contacts "render [it] essentially at home in the forum State". *Id.* at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The "paradigm" forum for the exercise of such jurisdiction is the corporation's place of incorporation or principal place of business. *Id*. at 760.

The other type of jurisdiction is specific jurisdiction. To establish that this Court may exercise such jurisdiction, ASG must show that Avon has sufficient "minimum contacts" with this State. *Francosteel Corp*, 19 F.3d at 627. These contacts must satisfy three criteria in order to be constitutionally sufficient:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Id*. (alterations and citations omitted). "For a claim to arise out of or relate to a defendant's contact with the forum state, the contact must be a 'but-for cause' of the claim, and the claim

---

[2] Even if jurisdiction is established under the Due Process Clause, federal courts in this State also must determine that jurisdiction comports with the Florida Long Arm Statute. Florida Stat. § 48.193. That Statute authorizes Florida courts to exercise personal jurisdiction on the basis of one of several enumerated acts in this State. However, because ASG failed to plead allegations sufficient to satisfy the Due Process analysis, this Court need not consider whether ASG has satisfied the Florida Long Arm Statute. *See Castillo*, 603 F. App'x at 916.

3

must be a foreseeable consequence of the contact." *Roof & Rack Prods., Inc. v. GYB Investors, LLC*, No. 13-80575-CV, 2014 WL 3116413, at *2 (S.D. Fla. July 8, 2014) (citing Eleventh Circuit cases). If sufficient minimum contacts are established, this Court also must determine that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice". *Francosteel*, 19 F.3d at 627.

Likewise, it is a "well established principle of law" that the plaintiff has the burden to demonstrate that venue is proper. *Amateur-Wholesale Elecs. v. R.L. Drake Co.*, 515 F. Supp. 580, 586 (S.D. Fla. 1981). As relevant here, venue is proper in a district where a corporation is subject to the personal jurisdiction of the Court, 28 U.S.C. § 1391(b)(1), (c)(2), or where "a substantial part of the events or omissions giving rise to the claim occurred". *Id.* § 1391(b)(2).

Upon a finding that this Court lacks jurisdiction over Avon or that venue is improper, the Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b) or transfer it to "any district or division in which it could have been brought" pursuant to 28 U.S.C. § 1406(a).

## ARGUMENT

### I. ASG Cannot Establish Any Basis for Personal Jurisdiction Over Avon.

ASG's Complaint does not allege that this Court has general jurisdiction over Avon, for good reason. Avon is not headquartered and does not have its principal place of business in this State; its contacts do not "render [it] essentially at home" in this State. *Daimler AG*, 134 S. Ct. at 761 (quoting *Goodyear*, 131 S. Ct. at 2851). Rather, ASG asserts specific jurisdiction over Avon. ASG's Complaint makes three allegations concerning jurisdiction, all in Paragraph 5 of the Complaint. However, none of these allegations—considered independently or together—allege a *prima facie* case of specific jurisdiction.

4

The first allegation is that "upon information and belief, Avon has purposefully directed its activities toward residents of Florida and otherwise purposefully availed itself of the privileges of conducting activities within Florida, thus invoking the benefits and protections of its laws".  (Compl. ¶ 5.)  This is no more than a statement of the legal standard, not a "specific factual allegation[]" supporting personal jurisdiction.  *Castillo*, 603 F. App'x at 916.  ASG cannot establish personal jurisdiction with this conclusory claim.

The second allegation is that "Avon is registered to do business in Florida".  (Compl. ¶ 5.)  Under Florida law, a foreign (*i.e.*, non-Florida) corporation "may apply for a certificate to transact business in this State" and such application must include a "registered agent" of the corporation.  Florida Stat. § 607.1503(1)(a) and (e).  However, the Eleventh Circuit has rejected the argument that registering to do business and appointing a registered agent to do so establish personal jurisdiction over a foreign corporation for claims unrelated to the registered agent's activities.  *See Consolidated Develop. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("Courts of appeals that have addressed this issue have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation.").  And ASG does not assert that its claim relates to Avon's registration to transact business in this State.

The third allegation potentially relevant to jurisdiction is that "upon information and belief [Avon] conducts business in Florida including through the activities of its independent sales agents who reside in the State of Florida".  (Compl. ¶ 5.)  Avon's "independent sales agents" likely refers to the "Avon ladies", who purchase products from Avon and resell them to customers; however, calling them "agents" does not make them so, and certainly does not establish jurisdiction.  The activities of Avon's *independent contractor* sales representatives cannot be imputed to Avon for the purpose of establishing personal jurisdiction.  *See Daimler AG,*

5

134 S. Ct. at 759 (noting that several Courts of Appeals have held that even the activities of a subsidiary cannot be imputed to a defendant unless the subsidiary is "so dominated by the latter as to be its alter ego").

In any event, ASG's allegations of Avon's in-state business activities do not support personal jurisdiction because they do not relate to or give rise to ASG's claim. ASG's sole claim is for breach of a master Software License Agreement (the "Agreement") governed by the laws of England and Wales and entered into by ASG and Avon's subsidiary, Avon Cosmetics Ltd., a company organized under the laws of the United Kingdom. (Compl. ¶¶ 19-21; Compl. Ex. 1 at p. 2.) ASG alleges that the Agreement restricts the capacity of the logical partition ("LPAR") on which Avon may install the software licensed by the Agreement, and that Avon has installed (or "deployed") the licensed software on LPARs that have a larger computing capacity (as measured in million-instructions-per-second or "MIPS") than allowed by the license. (Compl. ¶ 22.) Avon disputes that claim because the license is based upon the processor capacity actually utilized by the software (as measured in MIPS), not the capacity of the LPAR on which the software resides. As evidenced by the contractual documents attached to ASG's Complaint, this software was installed—and hence the conduct giving rise to ASG's claim occurred—in New York, not in Florida.[3] See Roof & Rack Prods., 2014 WL 3116413, at *3 (requiring that the in-state contacts be a "but-for cause" of the claim).[4]

---

[3] The Agreement provides that Avon may install the licensed software "only on the equipment and at the location(s) designated in the attached Product Schedule(s)". (Compl. Ex. 1 at p. 2.) Although the Agreement was entered into by Avon's subsidiary Avon Cosmetics and originally allowed installation of the software in Corby, England, the Product Schedules permitted Avon Cosmetics to transfer the license to Avon and changed the Designated Location to Avon's office in New York. (Compl. Ex. 1 at p. 9.)

[4] Furthermore, while the fact that Avon contracted with and makes payments to a Florida company may be sufficient to satisfy the Florida Long Arm Statute, it is insufficient to establish personal jurisdiction under the Due Process Clause. See Furnari v. Shapewriter, Inc., No. 6:10-CV-1463, 2011 WL 253962, at *7 (M.D. Fla. Jan. 25, 2011). The parties' choice of English law

Because ASG has failed to allege sufficient minimum contacts, this Court need not determine whether the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *See Full Sail Inc. v. Spevack*, 2003 WL 25277185, at *6 n.17 (M.D. Fla. Oct. 21, 2003). However, even assuming ASG had pled sufficient minimum contacts, ASG cannot meet this test.

> In resolving this issue, the Court considers . . . 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and 5) the shared interest of the states in furthering fundamental substantive social policies.

*Vision Media TV Group, LLC v. Forte*, 724 F. Supp.2d 1260, 1266-67 (S.D. Fla. 2010). Each of these factors weighs against the exercise of jurisdiction.

*First*, Avon's corporate headquarters are in New York, and thus "the burden to defend [itself] in a Florida lawsuit is high" (factor 1). *Id.* at 1267. *Second*, because the Agreement is governed by the laws of England and Wales rather than of Florida, this State lacks an interest in adjudicating this dispute, and there are no "fundamental substantive social policies" implicated in this case (factors 2 and 5). *Id.* *Third*, ASG cannot show that it cannot obtain "convenient and effective relief" or that it would be inefficient to litigate in another court with jurisdiction over Avon (factors 3 and 4). *Id.*

Accordingly, this Court lacks personal jurisdiction over Avon.

### II. Venue is Not Proper in this District.

ASG's Complaint does not allege the bases on which it has laid venue in this district. As relevant here, 28 U.S.C. § 1391 provides two possible bases. *First*, Section

---

to govern the contract also demonstrates that Avon did not purposefully avail itself of the protection of Florida law in contracting with ASG.

1391(b)(1) lays venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located". For this purpose, corporations are deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question". *Id.* § 1391(c)(2). For the reasons discussed above, Avon resides in New York City (within the Southern District of New York), and venue is not proper under Section 1391(b)(1). *See Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 645 F. Supp.2d 1130, 1157 (S.D. Fla. 2009)* (for corporations, "the personal jurisdiction and the proper venue inquiries coalesce"). *Second*, Section 1391(b)(2) lays venue in a "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". For the reasons discussed above, ASG's claims arise from the installation of software on a computer processor in New York, not in this district. Accordingly, venue in this district is improper.

## CONCLUSION

For the reasons set forth above, the Court should grant Avon's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, the Court should transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

9

| | |
|---|---|
| Dated:  March 4, 2016 | s/ Aaron Haak |
| | Aaron Haak (Florida Bar No. 303460) |
| | KNOTT EBELINI HART |
| | 1625 Hendry Street Suite 301 |
| | Fort Myers, FL 33901 |
| | Phone: (239) 334-2722 |
| | Fax: (239) 334-2801 |
| | E-Mail: ahaak@knott-law.com |
| | |
| | Evan R. Chesler (Specially Appearing) |
| | Benjamin Gruenstein (Specially Appearing) |
| | CRAVATH, SWAINE & MOORE LLP |
| | 825 Eighth Avenue |
| | New York, NY 10019 |
| | Phone: (212) 474-1000 |
| | Fax: (212) 474-3700 |
| | E-Mail: echesler@cravath.com |
| | bgruenstein@cravath.com |
| | |
| | *Attorneys for Defendant Avon Products, Inc.* |

## LOCAL RULE 3.01(g) CERTIFICATION

 Pursuant to Local Rule 3.01(g), I certify that I have conferred with opposing counsel and that counsel do not agree on the resolution of this Motion.

Dated:  March 4, 2016           s/ Benjamin Gruenstein