**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ALLEN SYSTEMS GROUP, INC.

                *Plaintiff*,

     v.                                      Case No. 2:16-cv-00121-SPC-MRM

AVON PRODUCTS, INC.

                *Defendant*.

**DEFENDANT AVON PRODUCTS, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

In answer to the allegations of Plaintiff Allen System's Group, Inc.'s ("ASG") First Amended Complaint, defendant Avon Products, Inc. ("Avon"), by and through its attorneys, avers as follows, based upon personal knowledge as to its own actions and upon information and belief as to the actions and intent of others:[1]

**NATURE OF THE ACTION**

1. Denies the allegations in paragraph 1, except admits that ASG purports to bring an action for breach of contract.

**THE PARTIES**

2. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies the allegations in paragraph 3, except admits that Avon is incorporated under the laws of the State of New York.

**JURISDICTION AND VENUE**

4. Denies the allegations in the first sentence of paragraph 4 and admits the remaining allegations in paragraph 4.

5. Denies the allegations in paragraph 5, except admits that Avon has been granted a certificate to transact business in Florida and has appointed a registered agent in Florida, and that certain of Avon's independent contractor sales representatives reside in Florida, including in the counties comprising the Middle District of Florida.

6. Denies the allegations in paragraph 6.

**FACTS**

---

[1] Avon reserves all rights to its pending Motion for Reconsideration of the Court's Order denying its Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. No. 58) and provides these answers to the allegations of ASG's First Amended Complaint without prejudice to its arguments therein.

7. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 8 and denies the remaining allegations in paragraph 8, except admits that ASG purports to bring an action for breach of contract related to certain software products.

9. Admits the allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

11. Admits the allegations in the first sentence of paragraph 11 and states that Avon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Admits the allegations in paragraph 13.

14. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Denies the allegations in paragraph 19, except admits that employees of Avon Cosmetics Ltd. ("Avon Cosmetics") and ASG signed a Software License Agreement on

September 29, 2006 (together with all product schedules associated therewith and amendments thereto, the "SLA") and that ASG purports to attach as Exhibit 1 to the First Amended Complaint true and correct copies of the "applicable product schedules" and "related contract documents" of the SLA.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21, except admits that an Avon employee signed a letter agreement dated March 14, 2012 ("Letter Agreement") and refers to the Letter Agreement for its contents.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23, except admits that employees of ASG and Avon signed product schedules associated with the SLA and refers to the referenced product schedules for their contents.

24. Denies the allegations in paragraph 24, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

25. Denies the allegations in paragraph 25, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

26. Denies the allegations in paragraph 26, except admits that employees of ASG and Avon signed Product Schedules 3 and 4 associated with the SLA and refers to the referenced product schedules for their contents.

27. Denies the allegations in paragraph 27, except admits that employees of ASG and Avon signed Product Schedules 3 and 4 associated with the SLA and refers to the referenced product schedules for their contents.

28. Denies the allegations in paragraph 28, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

29. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29, and denies the remaining allegations in paragraph 29, except admits that Avon received a letter from ASG dated June 3, 2015 ("June Letter") and refers to the June Letter for its contents.

30. Denies the allegations in paragraph 30, except admits that Avon received the June Letter from ASG and refers to the June Letter for its contents.

31. Denies the allegations in paragraph 31, except admits that an Avon employee sent ASG an email correspondence on August 17, 2015 ("August Email") and refers to the August Email for its contents, and that Avon received a letter from ASG dated September 23, 2015 ("September Letter") and refers to the September Letter for its contents.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33, except admits that Avon has not purchased additional licenses from ASG for software deployed on its z/OS operating system since Avon received the September Letter.

34. Denies the allegations in paragraph 34, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

35. Denies the allegations in the first sentence of paragraph 35, except admits that Avon issued press releases on December 17, 2015 ("December Press Release") and March 1, 2016 ("March Press Release") and refers to the December Press Release and March Press Release for their contents, and denies the remaining allegations in paragraph 35.

36. Denies the allegations in paragraph 36, except admits that Avon's counsel sent ASG's counsel an email correspondence on March 9, 2016 ("March Email") and refers to the March Email for its contents, and that Avon employees continued to use ASG's software in

connection with the North American business owned by Avon and an affiliate of Cerberus until the date the First Amended Complaint was filed.

37. States that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Under UK Law (2006 SLA))**

38. Repeats, realleges and incorporates by reference Avon's answers to paragraphs 1 to 37 as if fully set forth herein.

39. Denies the allegations in the first sentence of paragraph 39, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents, and states that the allegations in the second sentence of paragraph 39 purport to state a legal conclusion and do not require a response. To the extent a response is required, Avon denies the allegations in the second sentence of paragraph 39.

40. Denies the allegations in paragraph 40, except admits that ASG-Job/Scan, ASG-TMON, ASG-Zeke, ASG-Zack and ASG-ViewDirect were installed by Avon on its mainframe system in Rye, New York.

41. States that the allegations in paragraph 41 purport to state a legal conclusion and do not require a response. To the extent a response is required, Avon denies the allegations in paragraph 41, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

42. States that the allegations in paragraph 42 purport to state a legal conclusion and do not require a response. To the extent a response is required, Avon denies the allegations in paragraph 42, except admits that ASG and Avon are parties to the SLA since December 21, 2012 and refers to the SLA for its contents.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

**PRAYER FOR RELIEF**

States that paragraphs describing ASG's prayer for relief contain a request for relief as to which no response is required. To the extent a response is required, Avon denies that ASG is entitled to the requested relief.

**GENERAL DENIAL**

Avon denies each allegation as it relates to Avon that is not specifically admitted herein, and states that Avon is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to any other person or entity.

**DEFENSES**

Avon asserts the following affirmative defenses. In asserting these defenses, Avon does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon ASG.[2]

<u>First Defense</u>

The First Amended Complaint fails to state a cause of action upon which relief can be granted.

<u>Second Defense</u>

---

[2] Avon reserves all rights to its pending Motion for Reconsideration of the Court's Order denying its Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. No. 58) and asserts these defenses without prejudice to its arguments therein.

ASG's claims should be dismissed to the extent they are barred by the doctrines of waiver, laches and estoppel.

### Third Defense

ASG's claims are barred, in whole or in part, because ASG acted unreasonably in denying Avon benefits of the SLA.

### Fourth Defense

ASG's claims are barred, in whole or in part, because Avon fully complied with its obligations under the SLA.

### Fifth Defense

ASG's claims are barred, in whole or in part, because ASG has not suffered any damages as a result of the conduct complained of.

### Sixth Defense

ASG's claims are barred, in whole or in part, or are subject to reduction, because ASG failed to act reasonably to avoid, mitigate or eliminate damages, if any.

### Seventh Defense

ASG's claims are barred, in whole or in part, on the grounds that ASG's conduct caused, or in the alternative contributed to, Avon's alleged breach and ASG's alleged losses.

### Eighth Defense

ASG's claims are barred, in whole or in part, because of ASG's unclean hands and other inequitable conduct.

### Ninth Defense

ASG's claims are barred, in whole or in part, on the grounds that certain terms of the SLA are too indefinite to be enforceable.

### Tenth Defense

ASG's claims are barred, in whole or in part, by the doctrine of estoppel by convention, insofar as Avon relied to its detriment on the parties' shared understanding of the SLA.

### Eleventh Defense

ASG's claims are barred, in whole or in part, because they are not pleaded with the requisite particularity.

### Twelfth Defense

ASG's claims are barred, in whole or in part, by the express terms of the SLA.

### Thirteenth Defense

ASG is not entitled to seek equitable relief because ASG has an adequate remedy at law.

### Fourteenth Defense

ASG's alleged damages must be offset by any savings achieved as a result of the events complained of.

### Fifteenth Defense

Avon reserves the right to assert other defenses and affirmative defenses as this action proceeds.

WHEREFORE, defendant Avon prays that this Court enter judgment in favor of Avon and against ASG, dismissing ASG's First Amended Complaint with prejudice and granting such other and further relief as the Court deems just and proper, including costs, disbursements and attorneys' fees.

### JURY DEMAND

Avon demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  January 3, 2016 | s/ Aaron Haak |
| | Aaron Haak (Florida Bar No. 303460) |
| | KNOTT EBELINI HART |
| | 1625 Hendry Street Suite 301 |
| | Fort Myers, FL 33901 |
| | Phone: (239) 334-2722 |
| | Fax: (239) 334-2801 |
| | E-Mail: ahaak@knott-law.com |
| | |
| | Evan R. Chesler (Specially Appearing) |
| | Benjamin Gruenstein (Specially Appearing) |
| | CRAVATH, SWAINE & MOORE LLP |
| | 825 Eighth Avenue |
| | New York, NY 10019 |
| | Phone: (212) 474-1000 |
| | Fax: (212) 474-3700 |
| | E-Mail: echesler@cravath.com |
| | bgruenstein@cravath.com |

*Attorneys for Defendant Avon Products, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record.

| | |
|---|---|
| Dated: January 3, 2016 | s/ Aaron Haak |
| | Aaron Haak (Florida Bar No. 303460) |
| | KNOTT EBELINI HART |
| | 1625 Hendry Street Suite 301 |
| | Fort Myers, FL 33901 |
| | Phone: (239) 334-2722 |
| | Fax: (239) 334-2801 |
| | E-Mail: ahaak@knott-law.com |