**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ALLEN SYSTEMS GROUP, INC.,

      *Plaintiff,*

v().  Case No. 2:16-cv-00121-SPC-MRM

AVON PRODUCTS, INC.,

      *Defendant.*

**DEFENDANT AVON PRODUCTS, INC.'S MOTION *IN LIMINE* AND ACCOMPANYING MEMORANDUM OF LAW**

This case is before the Court in the April term for a trial limited to the issue of damages. In accordance with the Court's Third Amended Case Management and Scheduling Order (Dkt. 133), Avon Products, Inc. ("Avon") respectfully submits this motion for an order *in limine* excluding two categories of evidence plaintiff Allen Systems Group, Inc. ("ASG") seeks to introduce at trial.

*First*, the Court should exclude ASG's Proposed Exhibit 1, which is a letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The letter is irrelevant to the issue of damages, it is inadmissible hearsay, and it does no more than ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is irrelevant under governing English law.

*Second*, the Court should exclude designated deposition testimony that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That testimony similarly is irrelevant to the issue of damages, it relates to Avon's subjective intent and

post-contractual conduct (which is also inadmissible under English law), and its introduction would be unfairly prejudicial. Moreover, the Court should exclude any additional testimony ASG may seek to introduce to prove the disputed interpretation of terms of the SLA through evidence of subjective intent.

**BACKGROUND**

On January 24, 2018, the Court issued an Opinion and Order granting ASG's motion for partial summary judgment. *See* Opinion & Order (Dkt. 129) (the "Order"). The Order resolved all issues related to liability. Accordingly, as the parties jointly stated to the Court on February 6, 2018, "the only remaining issues for trial are the amounts of ASG's damages." (*See* Joint Notice Regarding Remaining Issues for Trial (Dkt. 130).)



On March 13, 2018, ASG served Avon with a list of 17 proposed trial exhibits and a list of designated deposition testimony. The parties held a telephonic meet and confer

regarding those matters and others on March 16. (*See* Gruenstein Decl.[1] ¶ 2.) At the meet and confer, the parties agreed in principle that evidence of any party's subjective interpretation of the SLA is irrelevant and inadmissible at trial. *See id.* ¶ 3. The parties disagreed, however, on what types of evidence are properly classified as evidence of "subjective intent," rather than evidence introduced for other purposes, such as the background facts known to both parties and the "commercial context" of the agreement, which this Court ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ (*See* Order at 7-10; Gruenstein Decl. ¶ 3.) In addition, as discussed in Avon's proposed jury instructions, because ASG did not suffer an identifiable and readily quantifiable loss from Avon's over-deployment of ASG software, the jury will award damages based on the sum that reasonable parties would have negotiated at the time of the breach, and the commercial context of the agreement is clearly relevant to that inquiry. (*See Wrotham Park Estate Co Ltd v. Parkside Homes Ltd*, [1974] 1 WLR 798, Gruenstein Decl., Exh. 1.) Indeed, Avon understands that ASG intends to move *in limine* to exclude evidence that ASG believes consists of evidence of subjective intent, and Avon will oppose those motions and explain how that evidence relates to the "commercial context" in which the SLA was signed and that it properly pertains to *Wrotham Park* damages. On the other hand, as described below, ASG seeks to introduce two categories of evidence that can only be characterized as inadmissible subjective intent evidence and are, in addition, inadmissible for several other reasons.

---

[1] References to "Gruenstein Decl." are to the accompanying Declaration of Benjamin Gruenstein, executed on March 19, 2018.

## ARGUMENT

I.     **PLAINTIFF EXHIBIT 1 IS INADMISSIBLE**

Plaintiff Exhibit 1 is a letter ███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See* Pl. Ex. 1 at 1 (Gruenstein Decl., Exh. 2); *see also*

*id.* at 3 ████████████████████████████████████████████

This document is inadmissible for three reasons.

*First*, the document is irrelevant to the issue of damages and therefore is inadmissible under Rules 401 and 403 of the Federal Rules of Evidence. Evidence is relevant only if it relates to a fact that "is of consequence in determining the action." *See* Fed. R. Evid. 401. Exhibit 1 accordingly is not relevant under Rule 401 because it does not relate to damages and therefore does not pertain to facts that are "of consequence" in the upcoming trial. As courts have held, evidence that relates only to matters of liability is inadmissible in trials limited to issues of damages. *See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("Anderson's testimony is generally relevant to the question of liability rather than to the question of damages, and was thus properly excluded from the damages phase of the trial."); *Moore v. Subaru of Am.*, 891 F.2d 1445, 1453 (10th Cir. 1989) ("evidence was properly excluded on grounds of relevance" where its "relevance is to the issue of liability, not to damages" and "Plaintiff's motion for a new trial is for a new trial on the issue of damages, only"); *Medcom Holding Co. v. Baxter Travenol Labs. Inc.*, No. 87 C 9853, 1991 WL 1839, at *3 (N.D. Ill. 1991) ("On the court's own motion, the

parties are directed not to comment, argue or offer evidence on liability *issues* during the retrial on compensatory damages.").[2]

Moreover, Exhibit 1 is inadmissible under Rule 403 because the details it contains related to liability issues would be confusing to a jury, a waste of time, and unduly prejudicial to Avon. *See* Fed. R. Evid. 403 (the court "may exclude relevant evidence if its probative value is substantially outweighed by dangers of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Given how damages are calculated under English law, the only issue of liability relevant to damages is *that* Avon breached the SLA, not how or why, and the jury simply will be instructed that Avon breached by over-deploying ASG's software and by using it for the benefit of New Avon LLC. Accordingly, ▮▮▮▮▮ is a waste of the jury's time and risks misleading or confusing the jury into thinking such details are relevant to the question of damages, which they are not. In addition, presenting such irrelevant details would unfairly prejudice Avon to the extent the jury inferred that Avon is a bad actor due to ▮▮▮▮▮ neither of which are relevant.

It is true that ASG, as well as Avon, may present background information to assist the jury in understanding the damages issue. To be admissible as "background evidence,"

---

[2] These cases are consistent with the more general principle that facts determined on summary judgment not to be in dispute are irrelevant and must be excluded. *See Rosario v. Labor Ready Se., Inc.*, No. 14-21496-CIV, 2015 WL 12086100, at *4, 5 (S.D. Fla. Aug. 31, 2015) (evidence excluded as "irrelevant" where it was "only relevant to Plaintiffs'' claims . . . for which the Court granted summary judgment in favor of Defendants"). Such evidence is admissible only if it is separately relevant to the issue of damages. *See, e.g.*, *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 898 (11th Cir. 2011) (liability evidence also related to alleged mental anguish); *Piamba Cortes v. Am. Airlines Inc.*, 177 F.3d 1272, 1305-06 (11th Cir. 1999) (facts of airplane crash relevant to calculating pain and suffering). That is not the case here, where Plaintiff's Exhibit 1 is not conceivably related to any measure of damages.

5

however, the evidence "must . . . somehow aid the court in determining the probative value of other evidence offered to affect the probability of the existence of a consequential fact." *See* 2 Weinstein's Federal Evidence § 401.04 (2018).  That is not the case here, where the evidence is not background for anything related to damages.  Nor is this a case where the evidence in question also relates to issues of damages, as in personal injury cases where the details of an accident may relate to a damages claim for mental anguish.  Here, the evidence is not conceivably relevant to any damages issue.

*Second*, even if matters of liability were relevant, the letter relates exclusively to



*Third*, to the extent ASG somehow seeks to rely on information contained in this exhibit to establish damages, that information is inadmissible hearsay.[3]  *See* Fed. R. Evid. 802.  Under Rule 801, hearsay is defined as "a statement that . . . (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Plaintiff's Exhibit 1 is inadmissible under this rule because it is an out-of-court statement by ASG offered for the truth of the matters asserted in it.  Accordingly, it should be excluded.

---

[3] Moreover, ASG has designated portions of the deposition transcript of Ms. Addonizio in which she testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* Addonizio Tr. 191:16-194:21 (Gruenstein Decl., Exh. 3).  Witnesses cannot testify about inadmissible documents, and such testimony does not render the document non-hearsay.

## II. TESTIMONY ON THE PARTIES' SUBJECTIVE UNDERSTANDING OF THE SLA IS INADMISSIBLE

ASG has designated extensive testimony of Avon witnesses about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ In fact, nearly all of the designated testimony from Avon employee Robert Nelson relates to this issue,[4] as does some of the designated testimony from Ms. Addonizio.[5] The relevance of this testimony is unclear. Moreover, ASG has all but conceded that such testimony improperly goes to the issue of subjective intent. During the March 16 meet-and-confer, ASG confirmed that it did not intend to use this testimony to argue that Avon did not have a good-faith belief in its own interpretation of the SLA (which use would be inappropriate). *See* Gruenstein Decl. ¶ 4. Rather, ASG stated that it would introduce this testimony in anticipation that *Avon* might seek to introduce improper testimony concerning subjective intent. Avon assured ASG that it would not seek to introduce evidence of subjective intent (*id.*), and of course ASG cannot introduce inadmissible testimony in its case-in-chief solely because it believes that Avon may yet do so. Setting aside ASG's unfounded concerns, there is no dispute that such testimony is inadmissible under English law, both because it relates to subjective intent and because it seeks to invoke post-contractual conduct to interpret the contract.[6]

The testimony is further inadmissible under Rule 401 because it has no relevance to the issue of damages. Under any conceivable measure of damages, the quantum of damages

---

[4] *See* Nelson Tr. 42:15-45:2, 59:9-12, 64:23-70:23; 76:3-17; 94:18-96:25 (Gruenstein Decl., Exh. 4).

[5] *See* Addonizio Tr. 242:19-245:15 (Gruenstein Decl., Exh. 3).

[6] *See James Miller & Partners Ltd v Whitworth Street Estates (Manchester) Ltd*, [1970] AC 583 (HL), Gruenstein Decl., Exh. 5 (post-contractual conduct of the parties is inadmissible as evidence of contract interpretation).

7

turns on an interpretation of provisions of the SLA and/or the amount a reasonable party would have negotiated to pay for software deployment at issue. Testimony concerning ████████ ████████████████████████████████████████████ is irrelevant to those issues. Moreover, such testimony would be unduly prejudicial to the extent that the jury will infer that Avon was a bad actor and either negligently or intentionally caused the breach.

In addition, ASG will argue at trial that ████████████████████████ ████████████████████████████████████ and damages should be calculated on that basis. On March 19, Avon asked ASG's counsel whether it would seek to support that claim with evidence as to how ASG and other of its own counterparties understood that term. (Gruenstein Decl. ¶ 5.) ASG concedes that its own subjective interpretation of the SLA (like Avon's) is irrelevant, and it must follow that the subjective interpretations of others who were not even parties to the SLA is equally inadmissible. By email dated March 19, 2018, ASG responded that it would "rely on its regular license interpretation and practices, which were both communicated to Avon and implemented in license transactions with Avon." (*Id.*) Avon is aware of no such evidence, as there was no testimony about such communications during discovery or emails of such communications. And to the extent ASG intends to elicit testimony about communications between the parties, the testimony must be probative of the objective "facts and circumstances known or assumed by the parties at the time that the document was executed," *Arnold v. Britton*, [2015] UKSC 36 at [15] (Gruenstein Decl., Exh. 6), rather than the parties' subjective intent, and the communications cannot post-date the licenses being signed, *id.* at [19] (only "how matters would or could have been perceived by the parties . . . as at the date that the contract was made" is "relevant").

8

## CONCLUSION

For all of the foregoing reasons, Avon requests that the Court enter an order *in limine* excluding (a) Plaintiff's Exhibit 1 (b) Plaintiff's designated deposition testimony from Mr. Nelson at lines 42:15-45:2, 59:9-12, 64:23-70:23, 76:3-17, 94:18-96:25, and Ms. Addonizio at lines 242:19-245:15, and (c) any additional testimony that seeks to prove the disputed interpretation of terms of the SLA through evidence of subjective intent.

Dated: March 19, 2018                /s/ Aaron Haak
                                     Aaron Haak (Florida Bar No. 303460)
                                     KNOTT EBELINI HART
                                     1625 Hendry Street Suite 301
                                     Fort Myers, FL 33901
                                     Phone: (239) 334-2722
                                     Fax: (239) 334-2801
                                     E-Mail: ahaak@knott-law.com

                                     Benjamine Reid (Florida Bar No. 183522)
                                     Jason Patrick Kairalla (Florida Bar No. 594601)
                                     CARLTON FIELDS
                                     100 S.E. Second Street, Suite 4200
                                     Miami, FL 33131
                                     Phone: (305) 530-0050
                                     Fax: (305) 530-0055
                                     E-Mail: breid@carltonfields.com
                                     jkairalla@carltonfields.com

                                     Evan R. Chesler (Specially Appearing)
                                     Benjamin Gruenstein (Specially Appearing)
                                     CRAVATH, SWAINE & MOORE LLP
                                     825 Eighth Avenue
                                     New York, NY 10019
                                     Phone: (212) 474-1000
                                     Fax: (212) 474-3700
                                     E-Mail: echesler@cravath.com
                                     bgruenstein@cravath.com

                                     *Attorneys for Defendant Avon Products, Inc.*

**Certificate of Service**

I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

Dated:  March 19, 2018  /s/ Aaron Haak
Aaron Haak (Florida Bar No. 303460)
KNOTT EBELINI HART
1625 Hendry Street Suite 301
Fort Myers, FL 33901
Phone:  (239) 334-2722
Fax:  (239) 334-2801
E-Mail:  ahaak@knott-law.com