UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEN SYSTEMS GROUP, INC., a
Delaware corporation

       Plaintiff,

v.                                         Case No: 2:16-cv-121-FtM-38CM

AVON PRODUCTS, INC.,

       Defendant.
_____/

**ORDER**[1]

This matter comes before the Court after conducting the Final Pretrial Conference on March 30, 2018. (Doc. 166). There, the Court was asked to rule upon five disputed statements derived from the summary judgment Order (Doc. 131). The facts are as follows:

1. The Court has found the following definitions applicable to the contracts at issue in this case:

    a. "Aggregate Usage Model": The applicable standard for sub-capacity licensing, based on the highest observed rolling four hour average (RH4A) utilization of the LPAR(s) on which the software is run, incorporating the aggregate number of collective MIS used by all software products deployed on an LPAR.

    b. "Sub-Capacity MIPS": The applicable standard for sub-capacity licensing, measured using the Aggregate Usage Model. The term is not

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

> ambiguous, and "Sub-Capacity LPAR MIPS" are not tied to or related to any ASG Product usage levels.
>
> 2. Avon and ASG are both sophisticated entities in the world of mainframe software licensing, and are subject to the standards for that industry.
>
> 3. Because the Aggregate Usage Model is the industry standard in Sub-Capacity Licensing, both parties are bound by this definition.
>
> 4. Avon violated the 2006 SLA with regard to the four ASG software products at issue in this litigation: ASG-Zeke, ASG-Job/Scan, ASG-TMON, and ASG-DocumentDirect.
>
> 5. It has been established Avon used the ASG products at issue for the benefit New Avon in breach of the SLA.

([Doc. 155 at 14-15](Doc. 155 at 14-15)) (numbered paragraphs altered).

Avon contests the introduction of the undisputed facts as stipulations, argues they are inaccurate descriptions of the Court's findings, are irrelevant to the damages dispute, and some are repetitive of other stipulated facts. Nevertheless, Avon states that to the extent any of the factual findings are relevant at the damages stage, it will stipulate to them at trial.

Having reviewed the summary judgment Order, the Court finds all factual findings except paragraph four are accurate and can be entered as pretrial stipulations in the jury instructions for trial. However, paragraph four is inaccurate. The Court found Avon violated the 2006 Software License Agreement with regard to four products: ASG-Zeke, ASG-Job/Scan, ASG-TMON and ASG-ViewDirect. ([Doc. 131 at 21-23](Doc. 131 at 21-23)). By contrast, paragraph four of the Amended Final Pretrial Statement states Avon violated the 2006 software license agreement with ASG-Zeke, ASG-Job/Scan, ASG-TMON, and ASG-DocumentDirect. ([Doc. 155 at 14-15](Doc. 155 at 14-15)). Neither the Plaintiff's Amended Complaint nor the

Court's summary judgment holding discusses ASG-DocumentDirect. (Docs. 37; 131). Thus, paragraph four may only be included in the stipulations if it inserts ASG-ViewDirect in place of ASG-DocumentDirect.

Accordingly, it is so **ORDERED** in Fort Myers, Florida on this 4th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record